LOBRANO, J.,
dissents with reasons.
hi respectfully dissent from the majority opinion that reversed the Civil Service Commission’s decision upholding the termination of employment of Miochi Sumling and that ordered the Department of Health of the City of New Orleans to reinstate Sumling to her medical assistant position and to compensate Sumling for back pay and other benefits from February 6, 2012.
In Mathieu v. New Orleans Public Library, 09-2746 (La.10/19/10), 50 So.3d 1259, the Louisiana Supreme Court, citing Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, stated the following regarding Civil Service cases:
Each case must be decided on its own facts with substantial deference afforded to the appointing authority. Reviewing courts should not second guess the appointing authority’s decision, but only intervene when decisions are arbitrary and capricious or characterized by an abuse of discretion.
Id., p. 15, 50 So.3d at 1268.
In my opinion, the record supports the hearing examiner’s conclusion, which was adopted by the Commission, that the Department of Health proved that it terminated Sumling for legal cause, and that documented concerns about Sumling’s job performance justified the Department of Health’s decision to make a ^change to improve the efficient operation of the clinic for the homeless. The decision of the Commission to uphold the termination of Sumling’s employment had a rational basis and was not arbitrary and capricious or characterized by an abuse of discretion.
Furthermore, I note that while the termination letter sent to Sumling detailed certain incidents that occurred between December 27, 2011 and January 3, 2012, the letter also stated that there were several documented incidents in the year pri- or to her termination where Sumling did not complete tasks that she knew were her responsibility. That statement is supported by testimony presented at the hearing. Dr. Roberta Berrien, the Medical Director of the clinic, testified that she worked closely with Sumling from November 2011 until her termination on January 23, 2012, and that Sumling’s work performance “wasn’t up to par.” She also stated *113 that during the time that she worked with Sumling, patients were not appropriately prepped for visits, items needed were not in the examination rooms and requested referrals had not been obtained. In her role as supervisor of nurse practitioners, Dr. Berrien regularly heard from them regarding similar deficiencies in Sumling’s work performance. Patrice Williams, the Executive Director of the clinic, testified that Sumling received several warnings in the 1 ½ year period prior to her termination, and Williams had personally spoken to Sumling several times about the fact that she was not performing her job duties well and needed to improve.
Because I find that the Department of Health’s decision to terminate Sumling’s employment was not arbitrary and capricious or characterized by an abuse of discretion, I would affirm the decision of the Civil Service Commission denying Suml-ing’s appeal.